# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUG TRAHER, individually and behalf of all others similarly situated, | : : : | CIVIL ACTION No. 19-1202 |
| Plaintiff, | : : | |
| v. | : : | |
| REPUBLIC FIRST BANCORP, INC., | : : | |
| Defendant. | : | |

**McHugh, J.**                                                                                                           **April 10, 2020**

## MEMORANDUM

This is an action brought by a shareholder of a publicly traded corporation alleging that it breached its articles of incorporation by improperly conducting a vote on a proposed amendment that doubled the corporation's shares. Plaintiff brought a claim alleging breach of contract arising out of a purported violation of Defendant's Articles of Incorporation, and a further claim under 15 Pa. C.S. § 1793 alleging that he was "aggrieved" by the amendment that doubled the number of corporate shares.

In a memorandum opinion issued January 13, 2020, I dismissed Plaintiff's claim for breach of contract, but allowed his claim under Section 1793 to proceed. In doing so, I expressed doubt about the validity of Plaintiff's remaining claim, and noted that "Plaintiff's Section 1793 claim may be particularly vulnerable if on an expanded record it becomes clear that a derivative claim was asserted and explored by a Special Litigation Committee using outside counsel." ECF 9, at 16. However, I concluded that it would be procedurally improper to address those vulnerabilities at the motion to dismiss stage.

Thereafter, a case management conference was held pursuant to Rule 16 of the Federal Rules of Civil Procedure, and after a substantive discussion of the legal issues presented by this case, I issued an initial case management Order allowing limited discovery. ECF 20. To facilitate a comprehensive review of the merits, the parties agreed that Defendant would provide Plaintiff the confidential report prepared by outside counsel at the direction of the Special Litigation Committee, which addressed the same issues raised in this case, without any waiver of the privilege. The parties completed that exercise and engaged in other informal discovery.

They now return to the Court, seeking approval of a stipulation that would resolve this litigation. As part of that stipulation, I have been asked to enter a ruling concerning the disputed transaction as follows: "Pursuant to 15 Pa. C.S. § 1793(a), the Court hereby determines that the Authorized Shares Amendment is valid." I am willing to do so, on the basis of the analysis set forth in my earlier memorandum, and my independent review of the report submitted by outside counsel.

As a preliminary matter, I note that Section 1793(a) specifically authorizes a court to make the determination requested by the parties, providing: "Upon application of any person aggrieved by any corporate action, the court may hear and determine the validity of the corporate action." Here, Plaintiff is the "aggrieved" party,[1] and the corporation consents to this court assessing its actions.

As to the validity of Defendant's action, in dismissing Plaintiff's contract claim I previously determined that Defendant acted lawfully, and in accordance with its Articles of Incorporation, because "votes were cast by the 'holders' and counted in accordance with the literal terms of the Articles." ECF 9, at 6. Having reviewed my analysis of the contract claim,

---

[1] Plaintiff also sought to represent a class of shareholders, but the question of certification was not reached.

supplemented by the review conducted by outside counsel, I am satisfied that there is a sound basis for deeming the Authorized Shares Amendment valid pursuant to 15 Pa. C.S. § 1793(a). The stipulation resolving this action has therefore been approved.

/s/ Gerald Austin McHugh
United States District Judge